COMMISSIONERS OF SECTION SIXTEEN, &C. V. CRISWELL.

1. C. agreed to teach the school of the township, and the commissioners agreed to furnish a comfortable house, &c., and remunerate him with the "available funds" for one year ; C also stipulating " to pay five hundred dollars to support the female school, as an emolument for a tutoress."  The agreement was dated 28th December, 1838 ; but did not provide when the school should be opened or closed : *Held*, 1. That C's contract required him to enter upon the performance of his engagement within a reasonable time after " a comfortable house" was furnished ; or C. might provide a house for himself and relieve the commissioners from that duty.  2. That an allegation that C had taught a school for the year 1839, as his contract required, and the " available funds" for that year amounted, &c. was sufficient, without stating the precise day when he should have been paid.  3. That it was the duty of the commissioners to employ the " tutoress," and C. need not allege that he had paid or tendered the sum agreed, to pay one.  4. That by the " available funds for one year" were meant the profits derivable from the capital during that time, whether received or not by the commissioners before the end of that period.

2. Although the act of 1837 enacts that " The trustees of each school district, and where the township supports but one school, the commissioners shall have power to employ a teacher, &c.," yet a person employed by the commissioners need not allege or prove that there is but one school supported by the township ; if the fact be otherwise, and it can avail the commissioners, they must show it.

WRIT of error to the Circuit Court of Sumter.

This was an action of assumpsit, at the suit of the defendant in error, on an agreement of the following tenor, viz :

"Jamestown. December 28, 1838.—This article witnesseth the agreement between E. Criswell, teacher, of the one part, who agrees to teach the school of township 13 and range 2, west, in all the usual branches taught in schools of liberal education; and

the commissioners of township and range above mentioned, of the other part, agree to furnish a comfortable house, (other small expenses being paid by the students,) and remunerate him with the available funds, for one year, of section 16, *of township and range above mentioned,* and the profits arising from an open school, of male and female, in township and range above mentioned. Further; the said E. Criswell agrees to pay five hundred dollars to support the said female school, as an emolument for a tutoress of said school.——In witness whereof, we, the said parties, hereunto affix our names."

Commissioners, {                          E. Criswell,
                                          Lewis Houston.

We agree to the above article, with the exception of being bound individually for a school house.

B. B. Jones.
Henry Johnson."

The defendants demurred to each of the five counts of the declaration, separately. To the first four, it was objected, that they do not specify a time when the defendants were to perform their part of the agreement—whether on request, at a day certain, or in a reasonable time. To the entire declaration, it was objected, that the commissioners of a sixteenth section, are a corporation of special and limited powers; and it is not shown, that in making the contract declared on, they acted in obedience to the charter. To the second count, in particular, it is insisted that the demurrer should have been sustained, because it does not allege a payment by the plaintiff of the five hundred dollars, as a compensation to a female instructor; that the general allegation of performance is bad, if for no other reason, because it does not aver that the plaintiff is still ready to pay. The demurrer was overruled, and the cause tried by a jury on the plea of *non assumpsit,* who returned a verdict for the plaintiff, for the sum of eight hundred and sixty-four 21-100 dollars, and a judgment was rendered accordingly.

On the trial, the defendants excepted to the ruling of the court. From the bill of exceptions, it appears that the plaintiff introduced as evidence the agreement set out above, and proved by the cashier and a clerk in the State bank, that the amount of dividend, declared in 1839, on the amount of principal which had been paid into the bank, to the credit of the defendants as a cor-

poration, was four hundred and sixty-seven 30-100 dollars. *Further;* on the 17th of November of that year, there became due to the plaintiff a note for four thousand one hundred and ten dollars, on which there was interest for three years, amounting to seven hundred and thirty-nine 80-100 dollars. This note was paid on the 6th Februaay, 1840.

The plaintiff also adduced evidence tending to show, that the defendants never furnished a house, but there was no proof that he ever demanded one, though it appeared he taught in a house provided by himself. It was admitted that plaintiff never paid or tendered five hundred dollars to compensate a teacher. No proof was offered, to show that the township had been laid off in school districts, or that at the time the agreement was made, more than one school was taught within the same.

Upon this evidence, the court charged the jury, substantially, as follows:

1. The contract did not impose any obligation upon the plaintiff to employ a tutoress for the school.

2. The stipulation of the plaintiff to pay five hundred dollars to compensate a teacher. did not oblige him to pay that sum as a condition precedent, to his right to recover of the defendants.

3. That to show the validity of the agreement made by defendants, it was not incumbent upon the plaintiff to prove that there was but one school in the township.

4. The interest due on the note of four thousand one hundred and ten dollars, was available funds of the defendants within the meaning of the contract for the year for which the plaintiff was employed to teach a school.

Bliss & Baldwin, for the plaintiffs in error—

1. In the nature of the case, the defendants were not bound to pay the plaintiff presently; and the declaration is defective in not making some specific averment on the point. Where an agreement does not specify the time for its performance, it should be averred that it was to be done on request, or in a reasonable time; and that such request was made, or a reasonable time had elapsed. [1 Phil. Ev. 151; Lawes on Plead. 99, 107; Dane's Ab. ch. 175, § 33; Clarke v. Gray, et al. 564; Osborne v. Lawrence, 9 Wend. Rep. 135.]

2. The trustees of a sixteenth section have the power to em-

ploy teachers generally; but it is only where the section supports but *one school*, that the commissioners possess such power; to make the contract binding on the corporation, the plaintiff should have shown that the commissioners were authorized *to* make it. [5 Porter's Rep. 169; Clay's Dig. 521, § 11—523, § 15.] And the declaration should have alleged the facts specially.

3. The consideration for the defendants' promise was the teaching of the school by the plaintiff for twelve months, and the payment of five hundred dollars as "an emolument for a tutoress;" and the declaration should allege that the plaintiff had done, or had offered to do both, and was still ready to pay the five hundred dollars. [1 Chitty's Plead. 317–8; 1 Saund. Plead. & Ev. 129; 2 Johns. Rep. 433; 6 Monr. Rep. 325; 4 Lit. Rep. 137.]

4. It was incumbent upon the plaintiff to have had a female school taught: having failed to do this, he is not entitled to recover; for no one can tell how to apportion the damages. [1 Chitty's Plead. 312–3–4–5; 1 Porter's Rep. 437; 7 id. 133.]

5. The interest on the note for four thousand one hundred and ten dollars, was for three years preceding the 17th Nov. 1839, was not paid until the 6th February, 1840, and, consequently, could not be considered as the available funds for the year during which the plaintiff was employed, [Aik. Dig. 379, § 38; Clay's Dig. 526, § 24.]

6. It should have been alleged in the declaration, and proved, that there was but one school in the township; especially was such proof necessary, under the fifth count, for work and labor done, &c.

PECK, for the defendants.—

1. The contract of defendants was to furnish a house and to pay the available funds of township for the year 1839, during which the plaintiff was to teach; the breach assigned is. that the defendants did not furnish the house and pay the funds which were realized for that year. This, it is apprehended, is sufficient; for the money cannot be demanded until the expiration of the period when the service should have been performed.

2. It is inferable from the contract, that but one school was taught in the township at the expense of its funds; but if the reverse is true, it should be shown as a matter of defence.

3. The plaintiff was neither bound nor authorized to employ a

tutoress; and, consequently, the declaration need not allege that he had paid, or had offered, and was still ready to pay, the five hundred dollars. Such an allegation would only have been necessary in the event that the defendants had furnished the house and employed a female teacher.

4. The available funds of the township for the year 1839, were not the funds which the commissioners might have on hand during that year; for this would, perhaps, have diminished its principal. It means the entire interest which would accrue and become payable for that year whether paid or not; and the intention of both parties would be defeated, if the plaintiff was not permitted to recover the interest which became due in November, 1839, merely because it was not paid until February, 1840.

COLLIER, C. J.—1. The written contract between the parties is exceedingly inartificial. It does not provide in express terms, when the school which the plaintiff proposed to teach, should be opened or closed; but the commissioners of the sixteenth section agree to remunerate him with its "available funds," for one year. The fair inference from this, is, that he was to render service for that period, and that he was to enter upon the performance of his engagement within a reasonable time after "a comfortable house" was furnished; or if the plaintiff thought proper, he might relieve the commissioners from that stipulation in their contract, and provide a house for himself.

The declaration sets out substantially, the contract, alleges that the plaintiff taught a school for the year one thousand eight hundred and thirty-nine, as by its terms he had undertaken to do; that the available funds of the section amounted to a large sum in that year, to wit, &c.—all or any part of which the defendant had refused and failed to pay him. On the 27th February, 1840, the action was commenced. Now, although it is not expressly alleged at what time the plaintiff became entitled to remuneration, we think it clear, that as the contract is silent upon the point, it must according to reason and analogy be intended, that he was to be paid whenever the service was rendered. We have seen that the allegation of performance by the plaintiff is sufficient; the more especially as the action was not commenced until sometime after he was entitled to demand payment. The declaration, while it omits to state the precise day on which the

72

"available funds" should have been paid, clearly shows that they are claimed as due at the expiration of the year, when the school was taught.    This allegation conforms in substance to the law which governs the contract, and the objection that the declaration is too vague, cannot be supported.

2. & 6. The fifteenth section of the act of 1837, "to revise and amend the laws in relation to schools and school lands;" [Clay's Dig. 523,] provides that "the trustees of each school district, and where the township supports but one school, the commissioners shall have power to employ a teacher or teachers, on such terms as they may deem expedient."   Under this statute it is insisted, that it is incumbent upon the plaintiff to show, that there is no more than one school in the township, as it is only in that event the commissioners have the power to employ a teacher.   The fallacy of this argument is made apparent by its statement.   According to all analogy; the contract is *prima facie* valid, and if there be an available objection to it, it must be made by the defendant.

3 & 4.  A just construction of the contract did not impose upon the plaintiff the duty of employing a "tutoress," or oblige him to tender, at least without solicitation, "five hundred dollars as an emolument" for her services.   The section of the act, 1837, above cited, provides, that "no teacher shall be employed, until he shall have been duly examined by the commissioners of the township, and shall produce their certificate of his qualifications and good character."   This provision shows what is the duty of the commissioners in respect to the matter to which it relates, and is inconsistent with the idea that a power of employing teachers for the section, should be exercised by a third person, under a contract for that purpose.   But if the statute was placed out of view, the terms of the contract do not authorise the conclusion, that the plaintiff was bound to perform that service for the commissioners. By prescribing the sum to be appropriated to the payment of a "tutoress," and the language in which that stipulation is expressed, the inference is clear, that the commissioners themselves should select a female teacher.   If it had been intended otherwise, would not the plaintiff have been required to employ an instructress of prescribed qualifications, or one whose aptitude for the station should be judged of by the commissioners, &c?   The salary to be paid her, would in such case be a matter of no con-

cern to the commissioners; they would have had a regard to qualification rather than the compensation allowed. But if they were to employ the "tutoress," then the agreement need only to have provided as it does for the payment of a sum *in numero*.

5. If the interest for three years upon the note for four thousand one hundred and ten dollars, had become *due and payable* in 1837–8–9, then it might admit of serious question, whether the interest for the two first years would constitute a part of the "available funds" of the defendant, within the meaning of the contract. But such is not the state of fact. We infer that the note was perhaps given for the third instalment due upon the purchase of the section; as the law directs that sixteenth sections shall be sold on a credit of one, two, three and four years, with interest at the rate of six per cent. *per annum*; and that notes with two or more good securities, approved by the commissioners, shall be given payable to the president and directors of the bank of the State or either of its branches. [Clay's Dig. 525, § 21.] The note, according to the proof, matured in November, 1839, and then the interest, though it had been accumulating for several years, became available for the first time.

The fact that the amount of the note and interest was not paid into the bank until after the close of the year 1839, cannot affect the plaintiff's right to the interest. The word "available," is not to be understood in a strictly literal sense, but in that sense, in which the parties used it. If the entire capital stock of the section had become available during that year, the plaintiff would have acquired no claim to it; for the statute which provides for the sale of sixteenth sections, and the investment of the proceeds, expressly declares that the commissioners shall not diminish it.— [Clay's Dig. 526, § 24.] By the "available funds for one year," we are to understand the profits derivable from the capital during that time; whether it was actually received by the commissioners before the close of the year or not. Upon any other construction, there would be no certainty in the sum to be paid or received; and the contract would be just such as neither party could judiciously or prudently have entered into.

This view is decisive of the case, and the judgment must be affirmed.